UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jennifer Zelonis,<br>Plaintiff,<br>v.<br><br>Village Pet Care, LLC d/b/a The Grooming Room Pet Resort,<br>Defendant. | CASE NO.: 2:25-cv-497-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

**JURISDICTION AND PARTIES**

    1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

    2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

        a. A charge of employment discrimination on the basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

        b. The Notification of the Right to Sue was received from the EEOC on or about November 8, 2024.

        c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

    3. The Plaintiff, Jennifer Zelonis, is a citizen and resident of the State of South Carolina and resides in Berkeley County, South Carolina.

    4. Defendant, Village Pet Care, LLC d/b/a The Grooming Room Pet Resort, upon information and belief, is a foreign corporation organized in the State of Delaware and operating under the laws of the State of South Carolina.

    5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

    6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around May 2023, the Plaintiff began working for Defendant as a kennel tech.

11. The Plaintiff had previously been diagnosed with Multiple Sclerosis. Because of this condition, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12. The Plaintiff informed Defendant of her disability upon her hire, and her accommodation.

13. When the Director of Administration, Brennah Kelly, learned of the Plaintiff's disability, Ms. Kelly instructed Plaintiff's manager, Hannah Olsen, to cut the Plaintiff's hours. Ms. Olsen refused to cut the Plaintiff's hours, and Ms. Kelly terminated Ms. Olsen.

14. Ms. Kelly hired another manager, Ashley Goldeski. Ms. Goldeski questioned Plaintiff about her disability even though she was already aware of Plaintiff's condition. Ms. Goldeski then started to complain to other employees about the Plaintiff's condition and her need for accommodation.

15. Plaintiff reported harassment and discrimination, but nothing was done, and the Plaintiff's hours were cut in half, even though Plaintiff was already working part-time.

16. In retaliation for her disability, the Plaintiff was terminated on or about February 21, 2024.

17. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodation.

18. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of Americans with Disabilities Act

19. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

20. The Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

21. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of her disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

22. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

23. Despite being a person with a disability, the Plaintiff can perform the essential functions of her job.

24. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

25. Based on Plaintiff's disability and request for accommodation, Defendant retaliated against the Plaintiff in her employment, in violation of the Act.

26. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

### FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

29. The Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

30. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

31. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

32. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

33. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, had she been kept in her proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

N. Charleston, South Carolina
January 27, 2025